IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              Cr. No. 03-766 JP

JOSE LUIS FARIAS-BLANCO,
EDUARDO ORTEGA,
RICARDO CUEVAS,
JORGE CUEVAS,
SABRINA CAGE,
ALFONSO TARWATER, Sr., and
DENNIS COON,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

On February 18, 2004, the Court held a hearing on Defendant Dennis Coon's Motion to Sever (Doc. No. 281), filed October 21, 2003; Defendant Sabrina Cage's Motion for Severance of Defendants (Doc. No. 323), filed December 8, 2003; and Defendant Jorge Cuevas' Motion for Severance of Defendants (Doc. No. 346), filed December 22, 2003.  Assistant United States Attorney James Braun represented the United States at the February 18, 2004 hearing.  Also present at that hearing were attorney Naomi Salazar and her client Defendant Jose Luis Farias-Blanco; attorney David Serna and his client Defendant Eduardo Ortega; attorney Roman Romero and his client Defendant Ricardo Cuevas; attorney Floyd Lopez and his client Defendant Jorge Cuevas; attorney Louren Oliveros and her client Defendant Sabrina Cage; attorney Edward Bustamante and his client Defendant Alfonso Tarwater, Sr.; and attorney Cliff McIntyre and his client Defendant Dennis Coon.  Having considered the briefs filed by Defendants Dennis Coon,

Sabrina Cage, and Jorge Cuevas as well the argument by counsel at the February 18, 2004 hearing, the Court finds that the motions to sever should be denied. In addition, pretrial motions (excluding motions in limine) should be filed and served by March 1, 2004.

Rule 8 of the Federal Rules of Criminal Procedure allows joinder of defendants if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Supreme Court has stated that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "Joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id*. (internal quotations and citations omitted).

Rule 14(a) of the Federal Rules of Criminal Procedure, however, permits a district court to grant a severance of defendants if "it appears that a defendant or the government is prejudiced by a joinder." Fed. R. Crim. P. 14(a). The decision whether to sever defendants for separate trials is a matter committed to the sound discretion of the trial court. *United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993). In *Zafiro*, the Supreme Court stated that severance is required by Rule 14(a) "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, at 539. The defendant must make a strong showing of real prejudice to obtain a separate trial. *Youngpeter*, 986 F.2d at 353. "This burden is heavy for the defendant to bear as he must show more than a better chance of acquittal or a hypothesis of prejudice...." *Id*. "Any potential prejudice suffered by [the defendant] must be weighed 'against the important considerations of economy and expedition in judicial

2

administration ..., considerations [that] are quite strong when the codefendants allegedly conspired with each other.'" *Id.* (quoting *United States v. Mayes*, 917 F.2d 457, 460-61 (10th Cir. 1990) (internal quotations omitted)).

The Court notes that "'a mere allegation that defendant would have a better chance of acquittal in a separate trial' is not sufficient to warrant severance." *United States v. Colonna*, ___ F.3d ___, 2004 WL 233297, at *6 (10th Cir. Feb. 9, 2004) (quoting *United States v. Powell*, 982 F.2d 1422, 1432 (10th Cir. 1992), *cert. denied*, 507 U.S. 946 (1993)). The "spillover" effect of damaging evidence by itself is also insufficient to warrant severance. *United States v. Martinez*, 78 Fed. Appx. 679, 687 (10th Cir. 2003) (citing *United States v. Furman*, 321 F.3d 1034, 1037 (10th Cir.), *cert. denied*, 513 U.S. 1050 (1994)). Moreover, "[t]he mere fact that one co-defendant is less culpable than the remaining co-defendants is not alone sufficient grounds to establish a trial court abused its discretion in denying a severance. It would be normal and usual to assume one of two or more co-defendants would be more or less culpable than the others." *Youngpeter*, 986 F.2d at 353. "Even when there is a risk of prejudice, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Leon*, 47 Fed. Appx. 539, 542 (10th Cir. 2002) (quoting *Zafiro*, 506 U.S. at 539).

Defendants Dennis Coon, Sabrina Cage, and Jorge Cuevas' arguments that they would each be subjected to real, unfair prejudice by being tried jointly with all of the Defendants are without merit. For instance, Defendants Dennis Coon, Sabrina Cage, and Jorge Cuevas' argument that they would be subjected to "spill over" prejudice against more culpable defendants is insufficient in itself to justify severance. Moreover, Defendants Dennis Coon, Sabrina Cage, and Jorge Cuevas' argument that there is a disparity in the weight of the evidence against them,

i.e., that they are not as culpable as the other Defendants, is not sufficient to show that they would be unfairly prejudiced by a joint trial. In addition, Defendants Dennis Coon, Sabrina Cage, and Jorge Cuevas failed to argue successfully that a jury would not be able to follow limiting jury instructions or that a jury would be unduly confused by a joint trial. Moreover, Defendants Dennis Coon, Sabrina Cage, and Jorge Cuevas did not produce affidavits or other evidence indicating that exculpatory evidence would be available only in separate trials.[1] Factors in favor of a joint trial include the fact that there is just a single conspiracy count involving all of the Defendants and that the number of Defendants has now been reduced from eighteen to seven. Considering the preference for the joint trial of defendants indicted together, the Court finds that Defendants Dennis Coon, Sabrina Cage, and Jorge Cuevas have not carried their heavy burden of showing that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgement about guilt or innocence." *Zafiro*, at 539. Defendants Dennis Coon, Sabrina Cage, and Jorge Cuevas have likewise failed to show that the alleged prejudice they would suffer in a joint trial outweighs the expense and inconvenience of separate trials. Consequently, Defendants Dennis Coon, Sabrina Cage, and Jorge Cuevas' motions to sever will be denied.

    IT IS ORDERED that:

    1. Defendant Dennis Coon's Motion to Sever (Doc. No. 281) is denied;

    2. Defendant Sabrina Cage's Motion for Severance of Defendants (Doc. No. 323) is denied;

---

[1] Should Defendants Dennis Coon, Sabrina Cage, and Jorge Cuevas be able to obtain affidavits regarding exculpatory evidence, they are free to present those affidavits to the Court for reconsideration of the issue of severance.

3. Defendant Jorge Cuevas' Motion for Severance of Defendants (Doc. No. 346) is denied; and

4. all pretrial motions (excluding motions in limine) must be filed and served by March 1, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE